IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY LEE HAMILTON,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 2:24-cv-1446-JDW |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA**, et al., | : | |
| Respondents. | : | |

### ORDER

**AND NOW**, this 30th day of April, 2025, upon consideration of Barry Lee Hamilton's Petition For Writ Of Habeas Corpus (ECF No. 1), the Commonwealth's Memorandum In Support Of Summary Dismissal Pursuant To L.CIV.R 9.3(E) (ECF No. 14), and United States Magistrate Judge Carol Sandra Moore Wells' Report And Recommendation (ECF No. 18), I note as follows.

1. On March 1, 2024, Petitioner Barry Lee Hamilton filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254.

2. On September 23, 2024, Judge Wells issued a Report And Recommendation, recommending that I dismiss Mr. Hamilton's Petition without an evidentiary hearing because the claims he asserts are untimely, reasonable jurists could not find the court's procedural rulings debatable, and Mr. Hamilton did not show a denial of any federal constitutional right.

3. Pursuant to the Local Rule of Civil Procedure 72.1(IV)(a), Mr. Hamilton's objections to the R&R, if any, were due on October 7, 2024.

4. On January 8, 2025, I ordered the Clerk of Court to change the address on the docket to reflect that Mr. Hamilton was housed in a different facility and send him a copy of the R&R.

5. On February 11, 2025, I gave Mr. Hamilton a further extension until March 11, 2025 to file his objections. Mr. Hamilton has not filed any objections to date.

6. Upon review of Mr. Hamilton's Petition and Judge Wells' R&R, I conclude that Judge Wells was correct that the claims set forth in Mr. Hamilton's Petition are untimely, reasonable jurists could not find the court's procedural rulings debatable, and Mr. Hamilton did not show a denial of any federal constitutional right.

7. Mr. Hamilton needed to raise any claims about his 2014 conviction by November 23, 2015. Mr. Hamilton, however, did not file his Petition until nearly nine years later. I agree with Judge Wells' finding that Mr. Hamilton is not eligible for statutory tolling because he did not file a PCRA petition. I also agree with Judge Wells that Mr. Hamilton is not eligible for equitable tolling because he neither identified extraordinary circumstances that prevented timely filing nor demonstrated the diligence necessary to grant equitable tolling.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition For Writ Of Habeas Corpus is **DISMISSED** without an evidentiary hearing; and

3. Petitioner has neither shown a denial of a federal constitutional right nor established that reasonable jurists would disagree with this Court's procedural disposition of his claims. Consequently, a certificate of appealability is **DENIED**.

                                                            **BY THE COURT:**

                                                            */s/ Joshua D. Wolson*
                                                            **JOSHUA D. WOLSON, J.**